IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

David Friday,                              )
                                           )        CV 16- 00859 PHX PGR
                    Plaintiff,             )
                                           )
         vs.                               )        ORDER SETTING SCHEDULING
                                           )        CONFERENCE
Airline Training Center Arizona,           )
Inc.,                                      )
                                           )
                    Defendant.             )
_____)

         Pursuant to LRCiv 16.2, this action is designated a **standard track** case.[1]

Accordingly,

         IT IS ORDERED THAT:

         (1)   This order shall serve as notice to the plaintiff under Fed.R.Civ.P. 4(m) that

the Court shall dismiss this action without further notice with respect to any defendant for

---

[1]
         The Local Rules for the District of Arizona, as currently amended, and the
Court's Electronic Case Filing Administrative Policies and Procedures Manual, may be
found at **www.azd.uscourts.gov**.  The Court expects counsel to familiarize themselves
with the Local Rules as the Court will enforce them.
         Counsel are advised that the Chambers' e-mail box, established pursuant to the
Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to
the Court, **and is NOT to be used as a means of communicating with Chambers'
staff.**

1    whom there is not a proper return of service on file establishing that service of process was

2    accomplished within 90 days of the filing of the complaint, unless the plaintiff has filed

3    prior to the expiration of the 90-day service period a motion requesting an extension of time

4    to accomplish service, or unless Rule 4(m) is not applicable due to the exceptions stated

5    therein.

6        (2)    **THE PARTIES ARE PUT ON NOTICE THAT THE COURT**

7    **EXPECTS DISCOVERY TO COMMENCE PRIOR TO THE SCHEDULING**

8    **CONFERENCE, TO THE EXTENT PERMITTED BY THE DISCOVERY-**

9    **RELATED RULES OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

10       (3)    Pursuant to Fed.R.Civ.P. 16(a), **a Scheduling Conference is set for**

11   **Tuesday, July 26, 2016, at 11:00 a.m.**, in Courtroom 601 of the Sandra Day O'Connor

12   United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003. The parties

13   are directed to Rule 16 for the objectives of this conference. **Lead counsel shall appear**

14   **in person at the Scheduling Conference**. At least one attorney for each party attending

15   the conference shall have authority to enter into stipulations and make admissions regarding

16   all matters which may be discussed.

17       (4)    The parties, through their counsel, or through themselves if not represented,

18   are directed to meet, either in person or by telephone, at least 14 days before the date for

19   filing the Joint Case Management Report to confer regarding:[2]

20       A. The suitability of the action for referral to an alternative dispute resolution

21   mechanism, pursuant to LRCiv 83.10;

22       B. Any matters relating to jurisdiction, venue, or joinder of additional parties;

23       C. The scope of discovery and possible limitations thereof, including (1) any

24   issues relating to the preservation of discoverable information, including issues regarding

25   

26   [2]

27       The provisions of paragraphs (4) and (5) of this Order are expressly intended to modify the provisions of Fed.R.Civ.P. 26(f) regarding the meeting of counsel and the filing of a proposed discovery plan.

28

the disclosure, discovery or preservation of electronically stored information and the forms in which it should be produced, (2) any issues relating to assertions of privilege or work product production, and (3) any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedures.  The parties are reminded that discovery must be proportional to the needs of the case, and that they are expected to minimize the expense of discovery whenever possible.  In cases in which dispositive motions will be filed early in the litigation, the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

D.  A schedule of all pretrial proceedings, including a trial date, an estimate of the length of trial, and any suggestions for shortening trial;

E.  Prospects for settlement, including whether the parties wish to have a settlement conference before a magistrate judge; and

F.  Any matters which the parties may feel will help dispose of the matter in an efficient and economical manner.

(5) **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING CONFERENCE, A "JOINT CASE MANAGEMENT REPORT" REFLECTING THE RESULTS OF THEIR DISCUSSIONS.**[3] The Joint Case Management Report shall include individually lettered brief statements, set forth in the following order, indicating:

A.  The names of the parties' counsel, or if unrepresented the names of the parties, who participated in the conference, the method by which the conference took place, and the date of the conference.

---

[3]

For purposes of the Court's CM/ECF system, the Joint Case Management Report is to be e-filed under the heading of "Report re: Rule 26(f) Planning Meeting."

The report is to be signed in accordance with the "Multiple Signatures" provision of the Electronic Case Filing Administrative Policies and Procedures Manual.

B.  The nature of the case, setting forth the factual and legal bases of the plaintiff's claims and the defendant's defenses in <u>sufficient detail</u> such that the Court need not refer to the parties' pleadings to understand what the case is about;

C.  The jurisdictional basis of the case, citing specific statutes;

D.  The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

E.  The parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  <u>Unless counsel can otherwise show cause, a stipulation for dismissal  or notice of voluntary dismissal shall accompany the joint report dismissing any party, including a fictitiously-named party, which has not been served, or a motion seeking entry of default and default judgment on any non-appearing party;</u>

F.  The names of parties not subject to the Court's jurisdiction;

G.  What formal or informal discovery has been done and, if none, the reasons <u>justifying</u> the lack of discovery;

H.  What agreements have been entered into, and what unresolved issues remain, regarding the preservation and disclosure of discoverable information, including issues related to electronic discovery and assertions of privilege;

I.  Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

J.  Whether the parties will consent to have the case referred to an alternative dispute resolution method;

K.  The identity of and status of any related cases  pending before other judges of the District of Arizona or before any other federal, state, or municipal court (see LRCiv 42.1(a) for meaning of relatedness), and, if a related case exists, how the cases are related, and, if the related case is another federal district court case, whether a motion to

consolidate or transfer has been filed and if none, the reasons <u>justifying</u> the lack of such a motion;

       L.  Proposed deadlines for (1) filing motions pursuant to Fed.R.Civ.P. 12(b), (2) filing requests, whether by motion or stipulation, to amend pleadings or to join additional parties; (3) exchanging initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and disclosing expert witnesses and their reports pursuant to Fed.R.Civ.P. 26(a)(2); (4) completing expert witness depositions; (5) completing discovery; (6) filing dispositive motions; and (7) filing a Joint Pretrial Statement. (**<u>Specific dates, i.e. a month, day, and year</u>** - not x days before trial, etc. - must be included <u>in the body</u> of the Joint Case Management Report, using the attached form of Scheduling Order as a reference only - <u>do not submit a completed proposed scheduling order</u>.  The proposed dates must not be a federal legal holiday or a weekend.)  If the parties cannot agree on deadlines after a sincere effort to do so, separate dates may be submitted for discussion at the Scheduling Conference;

       M.  Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

       N.  Whether a jury trial has been requested, and if the parties differ as to whether a jury trial has been properly requested, the bases for their positions;

       O.  Whether any settlement negotiations have taken place and the prospects for settlement, including any request to have a settlement conference before a Magistrate Judge, or other request of the Court for assistance in settlement efforts;

       P.  In class actions, the proposed dates for class certification proceedings and other class management issues.  Such certification will result in the case being reassigned to the **complex track** for case management purposes;

       Q.  Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

R.  Any other matters which the parties feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

(6)    The plaintiff shall serve a copy of this order on any defendant who has not filed an appearance with the Court, either with service of process or promptly after receipt of this order if service was accomplished prior to such receipt, and shall promptly file a notice of such service.  It shall be the responsibility of the plaintiff to timely initiate the communication necessary to prepare the Joint Case Management Report and it shall be the responsibility of the defendant to timely respond to that communication.  **THE PARTIES AND THEIR COUNSEL ARE WARNED THAT APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P. 16(f),  FED.R.CIV.P. 37(b)(2), AND/OR LRCIV 83.3(f) IF THERE IS A FAILURE TO TIMELY COMPLY WITH THIS ORDER, OR IF THERE IS A FAILURE TO REASONABLY COOPERATE IN THE PROCESS REQUIRED BY THIS ORDER, OR IF THERE IS A FAILURE TO ATTEND THE SCHEDULING CONFERENCE.**  If a party or counsel believes that good cause exists to continue the deadline for filing the Joint Case Management Report and the Scheduling Conference date, it shall be that person's responsibility to formally seek such a continuance prior to the date for filing the Joint Case Management Report.[4]

(7)    After the Scheduling Conference, the Court will enter a Scheduling Order, which shall control the course of this action, unless modified by subsequent order.  This Court views this Scheduling Conference as critical to its case management responsibilities and those of the parties, and the parties are cautioned that the deadlines set at this conference shall be enforced and that no amendments to the Scheduling Order shall be made without a court order.

---

[4]  In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion or the holding of any requested or calendared hearing unnecessary.

1       (8)   **The parties shall satisfy the filing requirement of Fed.R.Civ.P. 26(a)(4)**

2   **by filing with the Clerk of the Court a notice of disclosure - no copies of any actual**

3   **disclosures shall be filed with the Court. (See LRCiv 5.2).**

4       DATED this 27th day of April, 2016.

Paul G. Rosenblatt
United States District Judge

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Xxxxx,                                    )
                                          )
                    Plaintiff,            )          CV _____ P__ PGR
                                          )
          vs.                             )
                                          )          SCHEDULING ORDER
Yyyyy,                                    )
                                          )
                    Defendant.            )
_____)

A Scheduling Conference having been held before this Court on _____,

IT IS ORDERED that:

(1)  Motions pursuant to Fed.R.Civ.P. 12(b) shall be filed no later than _____, and requests, whether by motion or stipulation, to amend pleadings or to join additional parties shall be filed no later than _____.[5]

(2)  Parties shall exchange their respective initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with the Court a notice of such exchange, no later than ___. The plaintiff shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than ____. The defendant shall

---

[5]  In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion unnecessary.

8                              **EXHIBIT TO ORDER**

disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P.

26(a)(2)(B) no later than _____.  Expert witness depositions shall be completed by _____.

(3)   All discovery, including answers to interrogatories, shall be completed by __

_, and supplemental disclosures and discovery responses shall thereafter be made as

required by Fed.R.Civ.P. 26(e).  Discovery which cannot be timely responded to prior to

the discovery deadline will be met with disfavor, and could result in denial of an

extension, exclusion of evidence, or the imposition of other sanctions.  Parties are

directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties

have first met to resolve any discovery difficulties.  If parties cannot reach a resolution

of discovery disputes arising during depositions, they are directed to arrange a

conference call with the Court to resolve the disputes.

(4)  All dispositive or partially dispositive motions shall be filed by _____.

(5) A Joint Pretrial Statement shall be filed by _____.  If dispositive or partially

dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the

above date or 30 days following the resolution of the motions, whichever is later, or on a

date to be set by the Court in its order resolving the dispositive or partially dispositive

motions.

The content of the Joint Pretrial Statement shall include, but not be limited to,

that prescribed in a standard form of Joint Pretrial Statement provided to the parties.

The parties shall augment the Joint Pretrial Statement as necessary so it contains all of

the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3).  It shall be the

responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial

Statement and the plaintiff shall submit its draft of the Joint Pretrial Statement to the

defendant no later than ten business days prior to the date for filing the Joint Pretrial

Statement.

(6)  Motions in limine shall be filed no later than the date for filing the Joint

Pretrial Statement.  Responses to motions in limine are due ten business days after

1   service.  No replies are permitted.  The hearing on the motions in limine, if one is

2   permitted by the Court, will take place at the time of the Pretrial Conference.  <u>No</u>

3   <u>motion in limine shall be filed unless a statement of moving counsel is attached thereto</u>

4   <u>certifying that after personal consultation and sincere efforts to do so, counsel have been</u>

5   <u>unable to satisfactorily resolve the matter</u>.

6       (7)  The attorneys for each party who will be responsible for trial of the lawsuit,

7   or the parties if <u>pro per</u>, shall appear and participate in a Pretrial Conference on _____.

8   If dispositive or partially dispositive motions are filed, the Court will enter an order, as

9   necessary, continuing the date of the Pretrial Conference, the deadline for filing trial-

10  related documents, and the trial date until after the resolution of such motions and the

11  filing of a Joint Pretrial Statement.

12      Because Pretrial Conferences are held for the parties' benefit, and further because

13  the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit,

14  each party, or a representative of each party with binding settlement authority, shall

15  attend the Pretrial Conference.

16      (8) Unless otherwise ordered by the Court, the parties' trial briefs, proposed

17  findings of fact and conclusions of law or proposed jury instructions and proposed voir

18  dire questions shall be filed no later than _____.[6]

19      (9) Unless otherwise ordered by the Court, the trial of this action shall commence

20  on _____ at the United States Post Office and Courthouse, Second Floor, **101 W.**

21  **Goodwin St., Prescott, AZ.**

22

23  _____

24  [6]

25      The trial brief shall raise all significant disputed issues of law and fact, including
    foreseeable procedural and evidentiary issues, and shall set forth the party's positions

26  thereon with supporting arguments and authorities.

27      A form of instructions regarding the marking, listing and custody of exhibits, and
    a form of instructions regarding the submission of jury instructions, shall be given to

28  counsel at the Pretrial Conference.

(10)  **The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Xxxxxxxx, | ) | |
| | ) | |
| Plaintiff, | ) | CV _____ P__ PGR |
| | ) | |
| vs. | ) | <u>JOINT PRETRIAL STATEMENT</u> |
| Yyyyyyyy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Scheduling Order entered on _____, the following is the parties' Joint Pretrial Statement.

    **A.**    **COUNSEL FOR THE PARTIES**. Include mailing address, office phone and fax numbers.

    **B.**    **STATEMENT OF JURISDICTION**. Cite the facts and the statute(s) which give this Court jurisdiction.

    **C.**  **PARTIES REMAINING IN ACTION.** List the parties named in the operative complaint who have not been dismissed from the action. If any of the remaining parties have not been served, list those parties separately.

    **D.**  **CLAIMS/CAUSES OF ACTIONS REMAINING IN ACTION.** List by name and count number (if any) the claims or causes of action in the operative complaint that have not been previously dismissed.

**EXHIBIT TO ORDER**

1     **E.   NATURE OF ACTION**.  Provide a concise statement of the type of case,

2 the cause of action, and the relief sought.

3     **F.   CONTENTIONS OF THE PARTIES.**  With respect to each count

4 of the complaint, counterclaim or cross-claim, and to any defense or rebuttal of a

5 presumption where the burden of proof has shifted, the party having the burden of proof

6 shall list the elements or standards that must be proved in order for the party to prevail

7 on that claim or defense.  Brief citation to relevant legal authority is required.

8 Statements made shall not be in form of a question but should be a concise narrative

9 statement of each party's contention as to each uncontested and contested issue.

10     **G.   STIPULATIONS AND UNCONTESTED MATERIAL FACTS.**

11     **H.   CONTESTED ISSUES OF MATERIAL FACT.**  Each issue of fact

12         must be stated separately and in specific terms, as must the parties'

13         contentions as to each issue.

14     **I.   CONTESTED ISSUES OF LAW**.  Each issue of law must be stated

15         separately and in specific terms, as must the parties' contentions as to each

16         issue.

17     **J.   WITNESSES.**  List all potential witnesses by name and address,

18         identifying each as either plaintiff's or defendant's, and indicating

19         (1) whether the witness is a fact or expert witness, (2) whether the witness

20         will be called at trial, may be called at trial, or is unlikely to be called at

21         trial, and (3) if outside the Court's subpoena power, whether the witness

22         has been contacted to determine if the witness will voluntarily agree to

23         testify.  A brief statement as to the anticipated testimony of each witness

24         must be included.

25     **K.   LIST OF EXHIBITS.**  Potential exhibits shall be numbered and listed by

26         each party, with a description of each containing sufficient information to

27         identify the exhibit, and indicating as to each exhibit whether the parties

28

have or will agree to its admission or whether an objection is anticipated. The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection.  Those portions of depositions that will be read at trial must be listed by page and line number, and objections thereto must be specified.

**L.**   **LIST OF PENDING MOTIONS.**  Identify by name and date of filing.

**M.**   **PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR BENCH TRIAL.**  The reason for any dispute as to whether a jury trial was timely requested must be specified.

**APPROVED AS TO FORM AND CONTENT:**

_____     _____
Attorney for Plaintiff(s)            Date

_____     _____
Attorney for Defendant(s)            Date