Floyd P. Bienstock (006299)
Douglas D. Janicik (021522)
STEPTOE & JOHNSON LLP
201 E. Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
fbienstock@steptoe.com
djanicik@steptoe.com
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

Christopher Carlsen (*Pro Hac Vice*)
CLYDE & CO US LLP – New York, NY
405 Lexington Avenue, 16th Floor
New York, New York 10174
christopher.carlsen@clydeco.us
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Friday, individually and Representatively as surviving spouse of Carol Friday Dec'd. and as the surviving parent of Grieg Friday, Dec'd.<br><br>6 Hume Court<br>Ashweed, VIC, Australia 314,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Airline Training Center Arizona, Inc.,<br><br>　　　　　Defendant. | Case No. CV-16-00859-PHX-PGR<br><br>DEFENDANT AIRLINE TRAINING CENTER ARIZONA, INC.'S MOTION TO TRANSFER |

Defendant Airline Training Center Arizona, Inc. ("ATCA") moves pursuant to Fed. R. Civ. P. 42(a)(1) and L.R. Civ. 42.1(a) to transfer to this Court the following case: *Manual Bandres Oto, et. al., v. Airline Training Center Arizona, Inc.*, CV-16-01027-PHX-DJH (the "*Oto* case").

Both cases involve almost identical passenger wrongful death claims against ATCA arising out of the crash of Germanwings Flight No. 4U9525 from Spain to Germany on March 24, 2015, and involve the same issues of fact and law. Moreover, similar pre-answer

motions to dismiss have been filed in both cases. In the interests of conserving judicial resources, ensuring uniformity of legal rulings on common issues of fact and law, and the efficient administration of the cases, ATCA respectfully requests that the *Oto* case be transferred to this Court.

**ARGUMENT**

L.R.Civ. 42.1(a) provides:

> (a) Transfer of Cases. When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

These cases involve almost identical passenger wrongful death claims against ATCA arising out of the crash of Germanwings Flight No. 4U9525 on March 24, 2015. The post-crash investigation determined that the flight's co-pilot, Andreas Lubitz ("Lubitz"), deliberately caused the crash. In both cases, plaintiffs have alleged that the crash proximately was caused by ATCA's negligence in providing flight training to Lubitz when ATCA knew, or should have known, that he was suffering from mental health issues. On June 16, 2016, ATCA filed a pre-answer motion to dismiss the claims in this case (Doc. 19, 20, 21, 22), and on June 17, 2016, ATCA filed an almost identical pre-answer motion to dismiss in the *Oto* case, CV-16-01027-PHX-DJH (Doc. 18, 19, 20, 21).

A transfer is proper if transferring satisfies any one of the factors provided in L.R.Civ. 42.1(a). *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *2 (D.Ariz. Sept. 14, 2011)(citation omitted). "The factors are to be weighed individually by the district court in its transfer decision." *Id*.

ATCA submits that these cases should be heard by a single judge because the claims in both arise out of the same event and involve identical claims against ATCA. The theories of liability, and issues of law and fact are the same in both cases, and almost identical motions to dismiss are pending in both cases. The transfer of these cases to a single judge

1 would avoid the duplication of labor that would occur if the pending motions to dismiss were
2 decided by different judges, and having a single judge determine the issues in both cases
3 would avoid the possibility of different rulings on the identical factual and legal issues in
4 involved in each case.  ATCA submits that the *Oto* case properly should be transferred to
5 this Court because the Complaint, and ATCA's motion to dismiss, were first filed in this
6 case, and no substantive proceedings have yet occurred in either case.

## CONCLUSION

For the foregoing reasons, ATCA respectfully requests that the case in *Manual Bandres Oto, et al., v. Airline Training Center Arizona, Inc.*, CV-16-01027-PHX-DJH, be transferred to this Court pursuant to L.R.Civ. 42.1(a).

Dated: New York, New York
       June 20, 2016

Respectfully submitted,

CLYDE & CO US LLP

By: */s/ Christopher Carlsen*
Christopher Carlsen
Clyde & Co US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
christopher.carlsen@clydeco.us
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

Floyd P. Bienstock
Douglas D. Janicik
Steptoe & Johnson LLP
201 E. Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
fbienstock@steptoe.com
djanicik@steptoe.com
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

Attorneys for Defendant Airline Training
Center Arizona, Inc.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jerome L Skinner
LHD Lawyers US
P.O. Box 9300
Cincinnati, OH 45209
513-381-0044
skinair64@yahoo.com

                                        */s/ Christopher Carlsen*